UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD E. COLEMAN                                           CIVIL ACTION

VERSUS                                                       NO. 07-0452

JEFFERY TRAVIS, WARDEN                                      SECTION "C"(4)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.    Factual and Background**

The petitioner, Ronald E. Coleman ("Coleman"), is a convicted inmate presently incarcerated in the J. Levy Dabadie Correctional Center in Pineville, Louisiana.[2] He is challenging his re-incarceration after his good-time parole was revoked.

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 30.

Coleman's underlying criminal action began on November 7, 1985, when he was charged by Bill of Information in Orleans Parish with the attempted first degree murder of Elphamous Malbrue and the attempted armed robbery of Thomas Minor.[3] He was tried before a jury on October 30, 1986, and was found guilty as charged on both counts.[4]

The state trial court sentenced Coleman to serve 30 years in prison on each count, without benefit of parole, probation, or suspension of sentence.[5] On October 12, 1989, the Louisiana Fourth Circuit Court of Appeal affirmed Coleman's conviction.[6]

On June 15, 2001, Coleman was released as if on parole for diminution of his sentence based on good-time credits earned while he was incarcerated.[7] The Louisiana Board of Parole determined that Coleman violated his parole and issued an arrest warrant on January 14, 2002.[8] Coleman was eventually arrested on April 14, 2005, and parole revocation proceedings commenced against him.[9]

Coleman filed a complaint on June 30, 2005, in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, challenging his detention and seeking to quash the parole

---

[3] St. Rec. Vol. 2 of 3, Bill of Information, 11/7/85.

[4] St. Rec. Vol. 3 of 3, Trial Minutes, 10/30/86.

[5] St. Rec. Vol. 2 of 3, Sentencing Minutes, 6/1/87; Sentencing Minutes, 6/26/87; Sentencing Minutes, 7/1/87.

[6] *State v. Coleman*, 552 So. 2d 471 (La. Ct. App. 1989).

[7] St. Rec. Vol. 2 of 3, Diminution of Sentence, 6/15/01.

[8] St. Rec. Vol. 1 of 3, Arrest Warrant, 1/14/02.

[9] St. Rec. Vol. 1 of 3, 19th JDC Petition, No. 533938, p. 2¶5, 6/30/05.

revocation process.[10] Shortly after that petition was filed, the Louisiana Parole Board held a revocation hearing on July 14, 2005, and ordered that he be placed in a work release program.[11]

While at the East Feliciana Work Release Program, Coleman received an aggravated work release offense on July 26, 2005.[12] As a result, the Louisiana Parole Board held another revocation hearing on August 25, 2005, at which time they revoked his good-time parole and he was ordered to serve the 15-years remaining on his original sentence in prison.[13]

Several months later, on August 27, 2006, a Commissioner at the Nineteenth Judicial District Court issued a screening report in which he recommended dismissal of Coleman's pending complaint based on lack of subject matter jurisdiction and for Coleman's failure to establish exhaustion of administrative remedies. He also found that Coleman's habeas corpus claims and the request to quash the revocation proceedings had been "overtly abandoned."[14] A judge of the Nineteenth Judicial District Court adopted the report after a *de novo* review of the record and issued judgment dismissing Coleman's suit without prejudice at his cost.[15] Coleman did not seek further review of this ruling.[16]

---

[10]*Id.*

[11]St. Rec. Vol. 1 of 3, Parole Revocation Decision (2 pages), 7/14/05.

[12]St. Rec. Vol. 1 of 3, Parole Revocation Decision (2 pages), 8/25/05.

[13]*Id.*; St. Rec. Vol. 1 of 3, Authority to Hold, 8/25/05.

[14]St. Rec. Vol. 1 of 3, Commissioner's Screening Report, 8/27/06.

[15]St. Rec. Vol. 1 of 3, 19th JDC Judgment, 9/26/06.

[16]St. Rec. Vol. 2 of 3, Letter from 1st Cir., 5/7/07; St. Rec. Vol. 3 of 3, Verification Letter, 5/10/07; *see also*, Writ Application to La. S. Ct., dated 10/26/06; Letter from La. S. Ct. Central Staff, 11/16/06 (returning writ application with direction to file in the 1st Cir. Court of Appeal).

Instead, Coleman apparently filed an application for post-conviction relief in the Trial Court in Orleans Parish on January 4, 2007, in which he argued that the prohibition against double jeopardy was violated when he was re-incarcerated on the same charges after his good-time release.[17] In the meantime, Coleman also filed a writ application in the Louisiana First Circuit on February 8, 2006, seeking an order directing the Nineteenth Judicial District Court to rule on Case No. 533938.[18] This writ application was rejected by the Court on March 27, 2006, for being in improper form without the proper attachments.[19]

Later, on March 6, 2007, Coleman filed an application for writ of mandamus in the Louisiana Fourth Circuit Court of Appeal seeking an order for the Trial Court to rule on his pending application for post-conviction relief filed January 4, 2007.[20] The Louisiana Fourth Circuit denied the application on April 3, 2007, and advised Coleman that the proper venue for his challenges were in the Nineteenth Judicial District Court.[21] On April 19, 2007, the Court also denied Coleman's second writ application filed April 5, 2007, for the same reasons.[22]

Coleman submitted a writ application to the Louisiana Supreme Court on April 21, 2007, seeking review of the Louisiana Fourth Circuit's April 3, 2007, ruling.[23] The Court denied the

---

[17]The record provided by the State does not contain a copy of this writ application. It is referenced in other pleadings. *See*, St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2007-K-0282, p. 3, 3/6/07.

[18]St. Rec. Vol. 2 of 3, 1st Cir. Writ Application, 2006-CW-0244, 2/8/06.

[19]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2006-CW-0244, 3/27/06.

[20]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2007-K-0282, 3/6/07.

[21]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2007-K-0282, 4/3/07.

[22]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2007-K-0426, 4/5/07; 4th Cir. Order, 2007-K-0426, 4/19/07.

[23]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 2007-KH-979, 5/10/07 (signed 4/21/07, postmarked 4/23/07).

application on February 1, 2008, and subsequently denied Coleman's request for reconsideration on March 28, 2008.[24]

On February 21, 2007, Coleman submitted a petition for review, which was received by the Nineteenth Judicial District Court on March 5, 2007, seeking review of an administrative ruling from the B.B. "Sixty" Rayburn Correctional Center, RCC-2006-88.[25] He argued to the Court, as he had in the administrative grievance, that he was being unlawfully detained by the Louisiana Department of Corrections and he referred the Court to his pleadings in his prior case No. 533938. The petition was returned to him by the clerk of that court on March 5, 2007, indicating that it was submitted on the incorrect form.[26] The record does not reflect whether Coleman corrected the form error or refiled this suit.

According to the Court's research, on November 30, 2007, Coleman pursued further review of his detention in the Louisiana First Circuit.[27] The Court denied relief on March 24, 2008, and did not consider Coleman's request for rehearing.[28] The Louisiana Supreme Court, on March 6, 2009, also denied Coleman's subsequent writ application to that Court.[29]

---

[24]*State ex rel. Coleman v. State*, 976 So. 2d 714 (La. 2008); *State ex rel. Coleman v. State*, 978 So. 2d 296 (La. 2008).

[25]Rec. Doc. No. 15-8, pp. 25-31; Rec. Doc. No. 15-9, p. 1.

[26]Rec. Doc. No. 15-9, p. 2.

[27]The record, presented to the Court on May 29, 2007, does not contain a copy of this writ application. The filing and disposition dates were obtained by the Court from the office of the clerk for the Louisiana First Circuit.

[28]*Id.* According to the clerk of the Louisiana First Circuit, the writ application was denied on March 24, 2008. On March 24, 2008, the Court refused to consider the rehearing request.

[29]*Coleman v. Travis*, 3 So. 3d 477 (La. 2009).

5

## II. Federal Petition

On February 8, 2007, the Clerk of Court filed Coleman's petition for federal habeas corpus relief, in which he alleges that his incarceration after revocation of his good-time parole and his re-sentencing violated the prohibition against double jeopardy.[30] The State filed a response in opposition to Coleman's petition alleging that his claim was in procedural default because he failed to exhaust state court remedies in accordance with La. Rev. Stat. Ann. 15:571.15.[31] Alternatively, the State argues that Coleman's claims are without merit.

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[32] applies to this petition, which is deemed filed in this court under the federal mailbox rule on January 18, 2007.[33] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies

---

[30]Rec. Doc. No. 1.

[31]Rec. Doc. No. 17.

[32]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[33]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Coleman's federal habeas petition on February 8, 2007, when pauper status was granted. Coleman dated his signature on the petition on January 18, 2007. This is the earliest date on which he could have delivered it to prison officials for mailing.

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State argues that, based on the record as it existed at the time, Coleman did not complete review of his claims through the appropriate state courts and that his time for doing so under state law had passed. Louisiana requires that challenges to the computation of a sentence and to parole related matters be brought first through the Louisiana Department of Corrections's administrative grievance process. La. Rev. Stat. Ann. § 15:1176 (2008). Thereafter, the inmate can seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of its required review process pursuant to La. Rev. Stat. Ann. § 15:1177 and §15:571.15.[34] *See State ex rel. Bartie v. State*, 501 So. 2d 260 (La. Ct. App. 1986).

Pursuant to La. Rev. Stat. Ann. § 15:1177A(10), the inmate can appeal the decisions of the district court to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. La. Rev. Stat. Ann. §13:312(1) (2008). To complete the process, Louisiana law would allow the inmate to seek supervisory review in the Louisiana Supreme Court. La. Code Civ. Proc. Ann. art. 2201 (2008); La. Code Crim. Proc. art. 922 (2008).

The record as it appears now and based on the Court's research, reflects that Coleman at least attempted to pursue state post-conviction and other collateral review of his present incarceration in proceedings not addressed by the State's opposition. Nevertheless, Coleman's failure to exhaust

---

[34]La. Rev. Stat. Ann. § 15:571.15 further designates venue as to any challenge to a decision of the Parole Board: "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge. Venue in a suit contesting the actions of the Board of Parole shall be controlled by this Part and R.S. 15:574.2 and 574.11 and not by the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary."

would not prevent this Court from addressing the lack of merit in the claims presented, especially as here where the State addressed the claims in the alternative. *See* 28 U.S.C. § 2254(b)(2) (2006).

## IV. Standards of Review on the Merits

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485.

A state court's decision can be "contrary to" federal law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210

8

F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it unreasonably to the facts, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992). The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See, e.g.*, *Id.* at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir. 2000), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002); *Williams*, 529 U.S. at 411) (brackets in original).

Thus, under the "unreasonable application" determination, the court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

## V. Related Federal Proceeding

The Court's research has revealed that, on June 24, 2008, Coleman filed a federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in which he raised the same challenges to his

9

current confinement as those raised in the instant petition to this Court.[35] The petition was dismissed with prejudice by the United States District Court for the Western District of Louisiana on December 1, 2008, for lack of merit and alternatively, procedural default because of his failure to exhaust administrative and state court remedies.[36] As of this writing, review of the matter is pending before the United States Fifth Circuit Court of Appeals.[37] Because this matter is not final, the Court will forego a discussion of the abuse of the writ under 28 U.S.C. § 2244(a).

## VI. Double Jeopardy Not Invoked by Parole Revocation and Re-Committal to Prison

In the instant case, Coleman alleges that he completed his term of imprisonment through diminution of his sentence because of the good-time credits he received. Under a broad reading, he alleges that, when he was released on good-time credits, he should not have been subject to parole regulations. He further argues that the revocation of his release as if on parole, caused him to be incarcerated a second time for a crime for which he had already served his time. He further suggests that his re-committal to serve another 15 years was a resentencing done outside of his presence and also violated double jeopardy prohibitions.

This type of parole release upon good-time diminution of sentence is provided for in La. Rev. Stat. Ann. § 15:571.5 cited above. Under Louisiana law, it is distinct from parole eligibility connected to an original sentence. *See Manuel v. Stalder*, 928 So. 2d 24, 26-27 (La. Ct. App. 2005); *State v. Pugh*, 906 So. 2d 532, 535 (La. Ct. App. 2005) (good-time release is not that same as

---

[35]Rec. Doc. No. 34, Docket Sheet for *Coleman v. Deville*, No. 08-00894 (W.D. La. 2008), *see* Docket Entry No. 1. In fact, Coleman originally filed this petition as one seeking relief under § 2241 and the prior section of the Court ordered that it be changed to a § 2254. Rec. Doc. No. 5.

[36]*Id.*, Docket Entry No. 10; *see also*, *Coleman v. Deville*, No. 08-0894, 2008 WL 5084719 (W.D. La. Nov. 6, 2008).

[37]*Id.*, Docket Entry Nos. 12, 14.

parole); *see also Malava v. State*, No. 00-3786, 2001 WL 630472 (E.D. La. June 6, 2001) (Schwartz, J.); *Howard v. Stalder*, No. 05-0489, 2005 WL 1330299 (W.D. La. May 31, 2005) (Report and Recommendation, Kirk, M.J.) (advising plaintiff that his good-time parole release was not parole and was not unconstitutional). The State is therefore free to fashion the manner under which it may be granted, including restrictions similar to parole. *Brown v. Lynn*, No. 90-2104, 1990 WL 111083, at *4 (E.D. La. July 27, 1990) (citing *McGhee v. Belisle*, 501 F. Supp. 189 (E.D. La.1980)). Here, Coleman's good-time parole came with restrictions of parole outlined in the papers signed by him upon his release.[38] *See also*, La. Rev. Stat. Ann. § 15:571.5 (2008).

When Coleman violated those conditions, the Louisiana Parole Board held revocation proceedings, revoked his parole status, and returned him to jail to complete his sentence. This, he claims, violated the prohibitions against double jeopardy.

The double jeopardy clause of the Fifth Amendment affords protection against the imposition of multiple criminal punishments for the same offense. *Hudson v. United States*, 522 U.S. 93, 99 (1997). However, "the primary purpose of parole revocation proceedings is not to punish a violation of a criminal law, but to determine whether a violation of the terms of parole has occurred, notwithstanding the fact that parole revocation might result in further imprisonment." *Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 47 (5th Cir. 1991); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("revocation of parole is not part of a criminal prosecution"; it deprives an individual "only of the conditional liberty properly dependent on observance of special parole restrictions"); *Gill v. Texas*, No. 94-10116, 1994 WL 261222, at *1 (5th Cir. June 7, 1994) (quoting *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981)). Because of this, the United States Fifth Circuit has

---

[38]St. Rec. Vol. 2 of 3, Diminution of Sentence, p.2, 6/15/01.

held that the double jeopardy clause does not apply to parole revocation proceedings or their outcomes. *Osborne v. U.S. Dist.Court, S. Dist. of Miss.*, No. 97-60284, 1997 WL 803105, at *1 (5th Cir. Nov. 26, 1997); *Gill*, 1994 WL 261222, at *1.

Further, the federal courts also have rejected "attempts to erect a due process basis, independent of the double jeopardy clause, for the application of collateral estoppel" to parole revocation proceedings. *Parr v. Quarterman*, 472 F.3d 245, 254 (5th Cir. 2006) (quoting *Showery v. Samaniego*, 814 F.2d 200, 203 (5th Cir. 1987)). To the extent Coleman asserts a separate due process claim under the Fourteenth Amendment, that claim must also fail under federal law. *Id.* (citing *Stringer v. Williams*, 161 F.3d 259, 262-63 (5th Cir. 1998)).

Finally, the Court notes that Coleman was not re-sentenced upon revocation of his parole. Instead, he was simply recommitted to the prison to complete the remainder of his original sentence of 30 years concurrent on each of the underlying counts.[39] There is no factual basis for this part of his claim.

Having reviewed the entire record, the Court finds that Coleman has failed to set forth a cognizable federal claim for which habeas corpus relief could be addressed under either the double jeopardy clause or the due process clause. Any denial of relief on these claims by the state courts would not have been contrary to or an unreasonable application of federal law. Coleman is not entitled to relief on his claims.

---

[39]St. Rec. Vol. 1 of 3, Authority to Hold, 8/25/05.

**VII.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Ronald E. Coleman's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of October, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**